## W. J. ARRINGTON, Trustee, etc., *v.* MARTHA N. COTTON.

STATUTE. *How to be construed with reference to the Constitution.* A statute is not to be construed unconstitutional by the Courts, if by any fair and rational construction it may be brought within the constitutional power of the Legislature.

SAME. *When not mandatory to the Courts.* The first section of the Act of July 5, 1870, when taken in consideration with the various statutes on the same subject, is not to be construed as a mandate to the Courts as to how they should construe Sec. 9 of the Act of Dec. 14, 1869, but was simply intended to declare what the law should be thereafter. The 7th section of the Act of July 7, 1870, does not repeal the 1st section of the Act of the 5th of July, 1870.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court. NATHANIEL BAXTER, Judge.

No brief appears for Martha N. Cotton.

BATE & WILLIAMS for Arrington, Trustee.

DEADERICK, J., delivered the opinion of the Court.

Martha N. Cotton filed her petition and obtained an alternative mandamus from Hon. Nathaniel Baxter, one of the Circuit Judges of the State, requiring W. J. Arrington, Trustee of Davidson County, to appear and show cause why a peremptory mandamus should not issue, compelling him to pay the petitioner one hundred and seventy-five dollars, the balance due to

her for five months services, as teacher of a free common-school in 1869, in Civil District number twenty-one of Davidson County. The County Trustee appeared and demurred to the petition, upon the ground that there is no law in force requiring or authorizing him to pay petitioner's claim out of the County Treasury. The Circuit Judge overruled the demurrer, and ordered a peremptory mandamus to issue. From this judgment the County Trustee has appealed to this Court.

We find in the record a written opinion delivered by Judge Baxter upon overruling the demurrer, in the reasoning and conclusion of which we fully concur. Instead, therefore, of preparing an opinion in the case, we are content to adopt that of the Circuit Judge as the opinion of this Court.

The judgment of the Court below is, therefore, affirmed.

### COPY OF JUDGE BAXTER'S OPINION.

Martha N. Cotton, by her petition, represents that during the year 1869 she was employed to teach a common school in the 21st Civil District of Davidson County, for five months, at forty dollars per month, to be paid to her at the end of each month, or immediately upon the expiration of the term. That she taught the school for five months, to the satisfaction of the proper authorities by whom she was employed; that she received no pay for her services during the time, but at the end of the term the

W. J. Arrington, Trustee, etc., *v.* Martha N. Cotton.

Clerk of the Board of Education gave her an order upon the Superintendent of Education for said county for two hundred dollars, which was approved by the Board of Education, and that she presented it to the Superintendent for the money, and, the amount of twenty-five dollars was paid her—part thereof—and that was all she had received. That she has demanded payment of the residue from W. J. Arrington, County Trustee, and that he refuses to pay the same. She therefore asks for a writ of mandamus to compel him to pay it.

To this petition defendant demurs, and insists that there is no law making it his duty, or giving him authority to pay the same. The question depends on the proper construction of the Acts of the 14th December, 1869, the 5th July, 1870, and the 7th July, 1870. The 9th section of the Act of 1869 provides, that teachers of common schools, who have already been employed as teachers, shall be paid according to contract, out of any moneys due their counties. The first section of the Act of July 5, 1870, provides that Sec. 9, of the Act passed Dec. 14, 1869, in regard to common schools, shall be so construed as to require the County Trustee to pay off all school-teachers heretofore employed, upon proper vouchers of services rendered, any balance due out of the first school-fund that come into his or their hands. The 74th section of the Act of July 7, 1870, enacts that all laws and parts of laws, inconsistent or in conflict with this Act, be and the same are hereby repealed,

W. J. Arrington, Trustee, etc., v. Martha N. Cotton.

and then proceeds specially to designate several acts of assembly by their titles and dates, and the Act of the 14th December, 1869, amongst others, but does not mention the Act of July 5, 1870. If this latter Act remains in force, it is plain that defendant is the proper officer to pay petitioner's debt. It is insisted, however, that it is repeated by implication. That it is merely a declaratory Act, declaring what is the true and proper construction of the Act of December 9, and that when this Act was repealed the Act of July 5, 1870, so to speak, was "*functus officio.*" That the repeal of the Act of 1869 destroyed the force and virtue of the Act of July 5, as the repeal of a statute does the efficacy of a judicial decision construing that Act. I am unable to concur in this view of the case. The Legislature has not the constitutional power to construe a statute, or to give a mandate to the Courts as to how they shall construe them, and, if the Act of the 5th of July was nothing more than such a mandate, it was unconstitutional and void, and would not require to be repealed to render it invalid. The Courts will never construe a statute unconstitutional if it will admit of any reasonable construction consistent with the Constitution. In construing statutes, we look at the objects aimed at by the Legislature, and not to the particular verbiage in which a statute, in some of its parts, may be expressed. If the real object aimed at is within legislative competency, and can be clearly seen from the whole statute taken together, the history of

W. J. Arrington, Trustee, etc., v. Martha N. Cotton.

the prior legislation upon the same subject, the Court will not be turned aside by particular expressions, which, taken by themselves, might seem to indicate that the Legislature was assuming to transcend its constitutional power, but will give effect to the will of the Legislature thus discovered. In this case, the 9th Section of the Act of 1869 had expressly provided that school-teachers should be paid, but had failed to indicate to what offices they should apply for their money. Additional legislation was necessary to make it plain how these people were to proceed to get their money, and the Act of July 5, 1870, was passed for that purpose. It was not the object of the Legislature to give a mandate to the Courts as to how they should construe the 9th Section of the Act of 1869, for the Courts had never undertaken to construe it, but it was to express more fully and in detail how the teachers who had been employed under the old system should obtain their compensation under the new. Nor was the Act of July 5th repealed by the Act of the 7th of July. It is not in conflict nor inconsistent with any provision of said Act, nor is it especially mentioned in one of the Acts intended to be repealed by it. It is not the 9th Section of the Act of 1869, nor is it any part of that Act, but is a substantive independent legislative provision, intended for the preservation of the rights of a certain meritorious class of individuals, for whose rights the Legislature seems to have had a careful regard, and when we bring to

the aid of this view the moral considerations which rally to its support, it would seem to be invincible. We can not suppose for a moment that the Legislature intended to repudiate its obligations to pay those teachers, and yet it is not to be found in the Act of the 5th of July, 1870. No other provision has been shown in the agreement for their payment. The office of Superintendent, under whom they were employed, has been abolished, and the funds that were in the hands of the Superintendents have been ordered to be paid over to the Treasurer of the State, and by him to be apportioned to the counties, and paid over to the County Trustees. The teachers can no longer look to the Superintendents for their pay, and the school-funds having been ordered into the hands of the County Trustees, it follows there is no one else to pay but the County Trustees. Again, it is most .manifest that it was not the deliberate intention of the Legislature, by the Act of July 7th, to repeal the Act of July 5th. Both Acts were before the Legislature at the same time, there being but two days difference in their dates. It is provided by the Constitution that every bill shall be read once on three different days, and passed each time, in the House where it originated, before transmission to the other House. No bill shall become a law until it shall have been read and passed on three different days in each House, etc. It follows that the Act of July 5th must have been passed after the Act of July 7th had passed at least four,

W. J. Arrington, Trustee, etc., v. Martha N. Cotton.

and perhaps five, readings before the same Legislature; and can it be supposed that the Legislature would have been guilty of the consummate folly of passing an Act at a time when they had a bill repealing it, which had already passed four (perhaps five) readings? It would seem to be altogether disrespectful to the Legislature to impute to it such folly. If the Legislature had intended to repeal the Act of July 5th, why should they pass it?—why not vote it down? It can not be answered that after its passage the views of the Legislature underwent a change, because the repealing statute had been framed and passed several readings, before the final passage of the Act which it is insisted was repealed. I, therefore, feel well assured that the Legislature did not intend to repeal the Act of July 5th, 1870, and if the Act of July 7th is susceptible of that construction, it was an inadvertence and not the intention of the Legislature. I therefore overrule the demurrer to the petition, and the answer having failed to meet and deny any of the material allegations in the petition, order that a writ of peremptory *mandamus* issue to the defendant, commanding him to pay to the petitioner the balance due her, as shown from her petition, out of the first school-funds coming into his hands. It may be proper to add that I think the defendant has acted very properly in presenting the question for judicial determination. Our common-school system has been the subject of so much legislation—there have been so many statutes

enacted upon the subject, and so many repealed, that any man, not a professional lawyer, might well distrust his own judgment in the proper construction of some of its provisions. The costs will be paid by defendant, out of the school-fund.