Milley and David Ferrell *v.* Enoch Ferrell.

MILLEY AND DAVID FERRELL *v.* ENOCH FERRELL.

1. RIGHT OF WAY. *Private. Prescriptive right to. How acquired.* A right of private way over the lands of another may be established by user, for such length of time as to raise the presumption of an original grant.

Cases cited: Wash. on Real Prop., Vol. 2, 293–4; Act of 1819, Sections 1 and 2; Chilton *v.* Wilson, 9 Hum., 405; Cannon *v.* Phillips, 2 Sneed, 213, 214.

2. SAME. *What necessary to give user this effect.* To give user this effect it must be uninterrupted in the land of another, by the acquiescence of the owner, for a period of at least *twenty years,* under an adverse claim of right, while all persons concerned in the estate, in or out of which it is derived, are free from disability to resist it, and are seized of the same in fee, having been in possession during the whole period.

3. SAME. *Adverse enjoyment.* Adverse enjoyment is substantially the same as being held under a claim of right against the owner of the land, out of which the easement is derived.

Case cited: Wash., Vol. 2, 296–7.

4. SAME. *Dedication. Evidence of. Irrelevant. When* The right of way is acquired by user through an adverse claim of the

same, and not under the idea of the dedication of the owner. Proof, therefore, that the owner had said he never did, and would not, consent to the right of way, is irrelevant.

Case cited: Wash., Vol. 2, 298.

5. SAME. *What necessary to constitute an adverse claim.* Where objection on the part of the owner of land does not prevent the adverse use from perfecting the right, if continued, for twenty years, to have that effect the enjoyment of the right, or the actual use and occupation must be substantially, and, in fact, broken up, so that there is not only an adverse claim against the right of way, but an actual adverse assertion of that claim, whether by actual adverse occupancy or by suit.

6. SAME. *Verbal contract for. Void.* The transfer of such a right is required to be made in writing, like the conveyance of land itself; a verbal contract for the same is therefore void, under the Statute of Frauds. Bouvier's Law Dic., vol. 2, 65.

---

### FROM COFFEE.

---

Appeal from the Circuit Court. WM. P. HICKERSON, Circuit Judge.

P. C. ISBELL for M. & D. Ferrell.

B. M. TILLMAN and S. E. CARNES for E. Ferrell.

FREEMAN, J., delivered the opinion of the Court.

This is an action brought for alleged trespass on the land of plaintiffs, the object being to contest a right of way claimed by defendant, to pass by a certain road within and upon the land of plaintiffs, which the defendant, in his plea, says he and his servants had the right to use for passing and repassing over the plaintiffs' close, for a time whereof the memory of man runneth not to the contrary; said way is claimed as the means of passing from the

Milley and David Ferrell *v.* Enoch Ferrell.

land of defendant to the highway near by. The sup-
posed trespass is justified under the claim of a right
of way in a plea drawn with great fullness and ac-
curacy.

The question presented for our decision grew out
of the testimony presented on the issue tendered by
this plea, and the instructions of His Honor, the Cir-
cuit Judge, given to the jury, as to the law arising
on the same, in his charge.

It will be seen from the plea of defendant that a
right to the way in dispute is sought to be estab-
lished by jurisdiction—that is, by continuous user for
such a period as by law will presume a grant.

The first question presented and urged for reversal
of the judgment (which was in favor of plaintiffs in
the Court below), is the admission of testimony, de-
tailing statements made by John Ferrell, the father of
the defendant, and the former husband of Milley Fer-
rell, one of the plaintiffs, to the effect that he had
not given defendant a right of use, as claimed, and
never intended to do so, and other statements of like
character.   These statements were made in the absence
of defendant, and are not brought home to his knowl-
edge in any way.

In the solution of this question, it is proper to bear
in mind the fact that the claim of defendant, as pre-
sented in his plea, is a right vested in himself, not
what his ancestor may have said about it.   That this
right is sought to be established, as it well may be,
by user for such length of time as to raise the pre-

sumption of an original grant.   See Washb. on Real Prop., vol. 2nd, 293.   To give user this effect, it must be uninterrupted in the land of another, by the acquiescence of the owner for a period of at least twenty years (or the period of limitation of the State where the land lies), says Mr. Washburne, under an adverse claim of right, while all persons concerned in the estate in or out of which it is derived, are free from disability to resist it, and are seized of the same in fee, and in possession during its requisite period. Adverse enjoyment is substantially the same as its being enjoyed under a claim of right against the owner of the land, out of which the easement is derived.   See Wash., vol. 2d, p. 296-297.   From these principles it follows that it is the user, as we have said, and not what might have been said of the title to such use by the party against whom it is claimed, that raises the presumption on which the right arises, or is perfected; such user, however, must be open and such as the owner may fairly be presumed to have been cognizant of, in order to make out the fact of its being adverse.   Wash., vol. 2d, 298.   It follows that His Honor erred, in admitting the hearsay statement proven, of what John Ferrell had said during the period in which it is claimed the use of the way was being enjoyed, they not having been made in the presence of the defendant; and not, therefore, competent to affect or vary his claim of right.

We have cited from Mr. Washburne the principle,

Milley and David Ferrell *v.* Enoch Ferrell.

that the user must be for twenty years (or, as he says in brackets), or the period of limitation of the State where the land lies.    In establishing a right to prescription, the old rule in England was, that it should be shown to have begun from some period beyond the "time whereof the memory of man runs not to the contrary."    This period was fixed at the commencement of the reign of Richard the 1st, who ascended the throne 1189, but ultimately in favor of such privileges, the time was established as a principle of common law, to be twenty years, in analogy to the term of limitation, limiting a right of entry into lands by the law of England.    Wash., vol. 2d, 293-4, and case cited; and the principle has been followed, according to the cases cited by Mr. Washburne in a note, in several States, so as to vary the time of prescription in accordance with the time of Statute of Limitations as to real property in such State. We have no case in our State upon the direct question of prescribing for a right of way, so far as we have been able to see, and therefore in this case we are called upon to adopt as settled what shall be the proper period here.

The right of way, though not a right to or in the land, is included in the terms of our Statute of Frauds: "No action shall be brought upon any contract for sale of lands, tenements, or hereditaments," it being clear that such a right, though an incorporeal one, is an hereditament, and as such capable of being transmitted to the heirs of the party owning it.    Bouvier's Law Dict., vol.

2, p. 65, and authorities cited. This being so, His Honor charged the jury correctly, that a verbal contract for this right would be void under the Statute of Frauds. The conveyance or transfer of such a right being required to be in writing, like the conveyance of land itself, and when such conveyance is in fact made, it being readily susceptible of proof by production of the papers evidencing it, we do not feel that a sound policy would demand that a right required thus to be evidenced, should be rendered of equally easy proof and establishment almost, by so short a user as our period of limitations, seven years. In addition, by the peculiarity of our statute, where the claim is under deed or other conveyance purporting to convey a fee simple estate, the party holding adversely obtains an absolute title—disabilities out of the way—to the land included in such conveyance. By another section, adverse possession for seven years, without such conveyance, gives only a possessory right in the party's holding, to the extent of his actual enclosures, or to the extent of boundaries of any instrument not purporting to convey a fee simple defining those boundaries. So that it would be difficult to apply the analogies of our statute to the acquisition of this somewhat peculiar right in the land of another. Shall it be an absolute interest after seven years, in accordance with the analogy furnished by the first section of the Act of 1819, as only a possessory right following the analogy furnished by Sec. 2 of said Act?

The rule of a presumption of a grant from the State has been settled in Tennessee by several cases to be 20

years, and we think this rule may as well be applied to a right of the character now under consideration as to grants from the State.    It is based on reasons of public policy and to quiet titles, and is a presumption of law in favor of a long-continued possession.    See *Chilton* v. *Wilson's Heirs*, 9 Hum., 405.    *Cannon* v. *Phillips*, 2 Sneed, 213-214.    We think, therefore, these cases, recognizing the period for presumption of a grant, furnish a sounder analogy on which to fix the rule of presumption of a deed, where it is to be made out solely by the user, or enjoyment of the right, than the period of seven years in our Statute of Limitations as to real property.    Perhaps we might hold, with perfect propriety, that these cases furnish evidence of the adoption of this period, as the rule for presumption of a conveyance, required to be made by deed in all cases, where such conveyance is to be made out by enjoyment or use, without any written evidence of the inception of the claim.    A sound policy favors this view, as the fact of a deed could readily be shown within the period of seven years, if the party had one, while it might well be lost, or evidence of its existence be unattainable in the longer period of twenty years, and therefore the right be wrongfully imperiled.    As a matter of course the opinion has no reference to a dedication of land for public ways.

In view of the principles herein before stated, His Honor erred in his charge to the jury, when he told them that in order to make out the prescription, the use must have continued for the twenty years, without molestation, hindrance or objection on the part

of the owner of the land. The mere fact of making an objection, would not interrupt the adverse character of the user by the party claiming it; on the contrary the principles we have cited, showing that the holding must be adverse to the owner of the land, would favor the view, that if there had been a holding, notwithstanding objection made, that it would thereby be shown more distinctly to be adverse, than if no such objection had been made. It would certainly serve to show satisfactorily that the right had been asserted and enjoyed, with the knowledge of the owner of the land, and as such, adverse to any claim he had to prevent it. We think the true rule should be, that the enjoyment of the right, or the actual user and occupation has been actually broken up, substantially and in fact, so that there was not only a claim of adverse right to the claim of right of way, but an actual adverse assertion of that claim, either by adversely occupying the land over which the claim of way is asserted, so as to prevent the user by the claimant; or by an action for the trespass, commenced within the period of 20 years. In other words, there should be shown an actual and substantial suspension of the use, by the intervention of the owner of the land, which breaks the continuity of the enjoyment for the period required by law.

The portion of the charge of His Honor referred to, taken in connection with his admission of proof of the statements made by John Ferrell, was clearly calculated to mislead the jury, as they might well have inferred

that such statements amounted to objecting to the right, under the charge.

For these reasons the case must be reversed, and remanded for a new trial.