LONG *v.* MAYBERRY.

(*Nashville.* January 7, 1896.)

1. PRIVATE WAY. *Does not exist, when.*

The existence of a private way is not established by proof that a landowner, under a parol contract with an adjoining proprietor, opened through the latter's farm a road, and fenced it and erected gates upon it at their joint expense and for their common benefit, and, in like manner, used and kept same in repair for eighteen years, it appearing that the claimant's possession was not adverse, but joint, and that his expenditures on the road did not exceed a fair compensation for its use. (*Post, pp. 379–384.*)

Cases cited and approved: Ferrell *v.* Ferrell, 1 Bax., 329; Nunnelly *v.* Southern Iron Co., 94 Tenn., 413; Heiskell *v.* Cobb, 11 Heis., 638.

2. AMENDMENT. *Of answer so as to plead statute of limitations properly refused.*

It is not error to refuse an application to amend an answer so as to plead the statute of limitations, when that defense would, if pleaded, be ineffectual. (*Post, p. 384.*)

FROM MAURY.

Appeal from Chancery Court of Maury County. A. J. ABERNATHY, Ch.

FIGUERS & PADGETT for Long.

W. B. GORDON for Mayberry.

McALISTER, J.  This bill was filed in the Chancery
Court of Maury County by the heirs of Jerome B.
Pillow, deceased, to enjoin the defendant, J. W.
Mayberry, against using a right of way over the
lands of complainant.  The bill alleges that defendant
is continually and unlawfully entering upon the lands
of complainant with horses and wagons; that this is
a great injury to complainants, and is a trespass,
as defendant is not entitled to any easement or right
of way over their lands.  The defendant, in his
answer, states that his farm adjoins the Pillow farm
on the north, and that he passes through the farm
of complainant by a road from his farm to the
Mount Pleasant pike, but denies that he does so
wrongfully, or that he is a trespasser upon said
premises.  Defendant avers that he acquired the right
to use the right of way from James B. Pillow, the
ancestor of complainants, and that he has exercised
the right continuously for seventeen or eighteen years.
He further alleges that he performed work and ren-
dered valuable services to the late James B. Pillow
in his lifetime, and, in addition, assisted him in
building and graveling the road leading from the
park to the residence on said farm, and that in
consideration of all these services the said James B.
Pillow granted to the defendant a right of way
across his (Pillow's) farm from defendant's farm to
the Mount Pleasant pike, and that said Pillow
marked out the right of way and had fences built
in accordance therewith; and that the defendant

erected gates at the places designated by said Pillow as agreed upon between them; that said Pillow required of defendant that he should keep in repair the gates so erected, and promised to give him a deed to that part of the right of way used exclusively by him. Defendant further avers that he used said right uninterruptedly during the life of said Pillow, without objection or restraint from the latter.

The Chancellor, upon final hearing, decreed that Mayberry had no right of way over complainants' lands, and made the injunction perpetual. The defendant appealed, and the Court of Chancery Appeals affirmed the decree of the Chancellor. The cause is now before this Court upon the appeal of defendant. The Court of Chancery Appeals in its findings states, viz.: "We find that it is a road running from Mayberry's farm on the north through the Pillow farm to the turnpike on the south, some three hundred and fifty yards, a part of the road, some one hundred and seventy-five yards, being one that said Pillow had laid out for his own use, and which is used by the complainants for their own use and convenience, and a part of the road was opened out by said Pillow in his lifetime for the use and benefit of the defendant, Mayberry; that said Pillow had said road opened and laid out, and had it fenced off, furnishing part of the material and having part of the work done in so fencing it, and that defendant, Mayberry, furnished part of the material

for the fence, and helped to build the fence; that gates were put up along the right of way, and that J. B. Pillow furnished the material for the gates, and the defendant, Mayberry, constructed them and kept them in repair, and kept the road in repair during the life of said Pillow, but has done no work on the same for two or three years before the filing of the bill." The Court of Chancery Appeals further found that no writing was executed, and no deed was made by the said J. B. Pillow, nor by anyone, to the said Mayberry to the right of way, but that the same was laid out by the said Pillow with the intention and purpose of giving it to the said Mayberry, and that he told the said Mayberry at the time that he could have it as long as he and his family lived upon or occupied said place, and that he had laid it off, and said that he would protect him in it, and would fix it so that he would be protected after he was dead, and that said Mayberry had used this right of way under these circumstances for eighteen years before the bill was filed, using it as of right under a parol grant from J. B. Pillow, and that defendant and his employees passed frequently over the road on foot, horseback, in carriages, wagons, etc., in going to and from his farm to the pike.

Upon these facts the Court of Chancery Appeals adjudged that "a right of way can only be acquired by grant, or by a presumptive user of twenty years, and that such an easement in real estate cannot be

created by a parol license, and that while the Court was satisfied that it was Pillow's intention that the defendant should have this right of way as long as he lived, yet there has been a failure to comply with the requirements of the law which would protect the defendant in this right of way," and the decree of the Chancellor was therefore affirmed.

We think the decree of the Court of Chancery Appeals is in entire accord with our authorities on this subject. It has been held by this Court that an easement in land, though an incorporeal right, is a hereditament—an interest in land—and a verbal contract for this right is void under the statute of frauds. *Ferrell* v. *Ferrell*, 1 Bax., 329; *Nunnelly* v. *Southern Iron Co.*, 94 Tenn., 413.

An easement implies an interest in the land, which can only be created by grant or, constructively, by its equivalent prescription. In the absence of a grant or deed, it is settled that such a right can only be acquired by an uninterrupted user by the acquiesence of the owner for a period of twenty years under an adverse claim of right. *Ferrell* v. *Ferrell*, 1 Bax., 329.

It is very strenuously insisted, however, that this case falls within the principle laid down in the case of *Heiskell* v. *Cobb*, 11 Heis., 638, in which it was held that verbal permission to erect and use a milldam upon another's land, coupled with more than seven years continuous and adverse holding, is a good defense to the suit for the possession of the prem-

ises. In that case the Court held that Heiskell could not acquire an easement in the land by mere operation of the parol license, yet, by reason of his adverse possession of seven years, he acquired such a right as would enable him to defend his possession at law, and to protect it in equity against invasion. The case at bar is easily distinguished from that case in this, that here there was no adverse possession of the land whatever. On the contrary, the right of way in controversy, the proof showed, had been used as much by Pillow as by Mayberry.

Again, it is insisted that Mayberry, having furnished material and performed work on this right of way, there was a consideration or contract underlying the parol license from Pillow which cannot now be disturbed, and he invokes the doctrine of equitable estoppel. But we think a conclusive answer to this position is that these services were rendered by defendant as much for his own benefit as for Pillow's. On this point the Court of Chancery Appeals, through Judge Barton, said: "The only proof in the record on this subject of any expenditure by the defendant is that he hung the gates furnished by Pillow, furnished a part of the rails to build a short line of fence, and kept the road in repair, and he had used the road for some eighteen years. It is evident to us that all this was for the defendant's benefit. Even if part of the road was used by Pillow, it would be necessary, for the defendant's benefit, that it should be kept in repair, and was

but a fair compensation on his part for the use of the road. So far as we can see," continues the Court, "the building of the fences and the hanging of the gates would be as much for the defendant's benefit as for Pillow's; at least we are bound to conclude there is no proof of any substantial expenditure on his part induced by the action of Pillow which could estop him or those claiming under him."

It was also assigned as error that defendant was not allowed by the Chancellor to amend his answer so as to present a formal plea of the statute of limitations of seven years. As we have held that this statute would not have protected the defendant, there was no error on the part of the Chancellor in refusing to allow it to be pleaded by amendment.

Affirmed.