BOWLES *v*. CHAPMAN *et ux*.

(*Knoxville*, September Term, 1943.)

Opinion filed November 20, 1943.

W. C. RODGERS, of Memphis, for complainant.

CHARLES A. ROND, of Memphis, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The chancellor dismissed the bill of the complainant Bowles. The Court of Appeals affirmed the chancellor's decree, and the cause is here on petition for *certiorari*.

The complainant filed his bill setting out therein that he was the owner of certain land in the Fourth Civil District of Shelby County and had so owned this land for more than thirty years, and during all this time he had used a neighborhood road running north from his land through

the land of the defendants to a well-established county pike or road, which lies north of the land of the defendants; that said user had been for more than fifty years without interference or objection; that defendants, a short time before the filing of the bill, had fenced up said neighborhood road and thereby obstructed the same; and complainant prayed for a mandatory injunction to compel the defendants to open said road.

A demurrer of the defendants was overruled, and they answered, denying all of the material statements of the bill.

The proof showed that complainant, his neighbors, and predecessors in title had used a roadway north through defendants' land for more than fifty years; that the land north of complainant was mostly in timber; that when holes would form in the road, complainant would travel around these rough places. The proof further showed that a hard-surfaced road was on the south side of complainant's land, and that the road used by complainant over defendants' land was one of convenience in going to said pike road to the north and in going to church.

The complainant insists that the road was one of necessity. However, the complainant cannot successfully claim a way of necessity, because it is not shown that his land and the land of the defendants were at one time owned by a common grantor, or that the immediate grantor of the dominant tract was at the time of the litigation the owner of the servient estate.

In 17 Am. Jur., Easements, sec. 49, it is said:

"A unity of title of both tracts involved in a claim of a way of necessity at some former time appears to be the foundation of the right. A way of necessity cannot legally exist where neither the party claiming the way nor the

owner of the land over which it is claimed, nor anyone under whom they or either of them claim, was ever seized of both tracts of land at the same time. Moreover, a way of necessity can only be created when one of the tracts is conveyed or the ownership changed by operation of law. Otherwise, there is no conveyance available in which the grant or reservation can be implied from which such way can arise. These principles apply equally to transfers of the servient and dominant estates.''

In Section 50 of the same volume it is also said: ''There is abundant authority in support of the proposition that ways of necessity are ways of strict necessity as distinguished from ways of mere convenience and that the degree of necessity requisite to support such a way is absolute necessity, for which inconvenience without more does not suffice.''

In *Jackson* v. *State*, 46 Tenn., 532, 534, 535, the Court quoted from Angel on Highways, 2d Ed., sec. 151, as follows: '' 'Upon much the same principle it has been decided that dedication of a road to the public, over the waste and unclosed lands of an individual, ought not to be inferred from bare user alone. Thus, where a road which had been in existence for more than fifty years, had originally passed entirely through woodland, the jury were instructed that mere user by the public, however uninterrupted and long continued, would be insufficient to constitute it a public road, but must be accompanied by acts which showed the use to have been claimed as a right, and not by permission of the owner; such as working on it, keeping it in repair, and requiring the removal of obstructions.' . . . 'And even though the land be inclosed and cultivated, dedication is not to be presumed so readily of agricultural, as of other property. Thus it has

been held, that the bare fact that a farmer leaves a lane through his farm, for his own convenience, and permits the public to use it as a highway for fifteen years, does not warrant the inference of dedication. An intention to dedicate must be obvious, and the same acts which would warrant the inference in cities and towns, would be quite insufficient in sparsely settled agricultural districts.' "
Also see *Worth* v. *Dawson et al.*, 33 Tenn., 59.

Complainant also claims that a prescriptive right has been made out. To make out such a claim the burden is upon complainant to show that his use of the road was under a claim of right and hostile and adverse to the defendant. This the complainant has not shown. His failure to do this is fatal to his successful claim of an easement by prescription. *Sharp* v. *Mynatt,* 69 Tenn., 375. The evidence in the instant cause shows nothing more than a permissive use.

In *Blakemore* v. *Matthews,* 154 Tenn., 334, 285 S. W., 569, it was held that the use of a private road of another without objection for more than twenty years does not confer an indefeasible easement therein, not based upon a claim of right, or exclusive and adverse possession, or notice expressed or implied of such claim.

Complainant relies on our recent case of *Melton* v. *Donnell,* 173 Tenn., 19, 114 S. W. (2d), 49, 51. However, in that case it was conceded that complainant had an easement, and the only question was whether the servient owner could erect gates or bars across the road. The Court said:

"We are of opinion that under modern conditions the better rule is that which prohibits the servient owner from erecting gates or bars across the road where the owner of the dominant estate has used said road unin-

terruptedly under an adverse claim of right for twenty years, or more, without gates or bars. The following authorities support this rule: *Fankboner* v. *Corder,* 127 Ind., 164, 26 N. E., 766; *Shivers* v. *Shivers,* 32 N. J. Eq., 578, affirmed in 35 N. J. Eq., 562; *Hill* v. *Miller,* 144 Ga., 404, 87 S. E., 385; *Puryear* v. *Clements,* 53 Ga., 232; *Bolton* v. *Murphy,* 41 Utah, 591, 127 P., 335; *Rogerson* v. *Shepherd,* 33 W. Va., 307, 10 S. E., 632."

Complainant also relies on *Ferrell* v. *Ferrell,* 60 Tenn., 329, and *Long* v. *Mayberry,* 96 Tenn., 378, 36 S. W., 1040, but in both of these cases it was held that the claim to be successful must be under a claim of right and must be adverse.

The underlying reason of our decisions is that it would be unjust and inequitable for one to use a roadway over the lands of a neighbor for even longer than twenty years as a mere gratuity, and to permit such user to be termed adverse without some notice expressed or implied to the proposed servient owner.

The writ will be denied.