FITE et al. v. GASSAWAY.—184 S. W. (2d) 564.

Middle Section.  September 23, 1944.

Petition for Certiorari denied by Supreme Court, December 8, 1944.

694

James H. Cummings and J. Barrett Melton, both of Woodbury, for appellant.

Hoyt Bryson, of Woodbury, and George S. Buckner, of Murfreesboro, for appellees.

HICKERSON, J. R. S. Fite and Hoyte Fite brought the original bill to condemn an easement for a road from their land over the land of J. H. Gassaway to a public road in Cannon County under the provisions of Code, sec. 2746 et seq.

The sufficiency of the original bill was challenged by demurrer.

Complainants amended their bill by filing a map or plat by which the description of the easement sought was more particularly set out and the topography of the land of complainants was more specifically shown.

The demurrer was overruled.

Before an answer was filed, complainants filed a second amendment to their bill in which they alleged that the land of complainants and the land of defendant at one

time belonged to the same person who sold the land now owned by defendant and retained the land owned by complainants; that there was no other way to a public road from the land which was retained by this original owner except the road, or easement, which complainants sought to condemn in their original bill; and that complainants should be decreed an easement over this particular land of defendant upon the principle or theory of implied reservation based upon necessity. In addition thereto, complainants alleged that they had perfected a right to this particular easement by prescription through adverse user of more than twenty years, and sought to have this prescriptive right to the easement decreed to them in this cause.

Defendant demurred to the amended bill and this demurrer was overruled.

Defendant answered the bill as amended and made substantially the same issues which were interposed by demurrer and the cause went to proof.

█ The cause was heard upon oral testimony by written agreement filed in the cause, pursuant to the provisions of Code, sec. 10564, as amended by Pub. Acts 1935, ch. 106. It was, therefore, tried according to the forms of chancery and must be reviewed in this court de novo. Watkins, Trustee, v. Sedberry, 155 Tenn. 148, 290 S. W. 970. There is a presumption in this court in favor of the correctness of the decree of the chancery court, unless the evidence preponderates against the decree. Code, sec. 10622.

The Chancellor held that complainants failed to prove that they were entitled to the easement upon the theory of implied reservation. He did hold, however, that a portion of the road, right-of-way, or easement, had been acquired by complainants by prescription through ad-

verse user of more than twenty years; and held that complainants were entitled to condemn an easement over the remaining portion of defendant's land which had not been acquired by prescription.

Complainants and defendant excepted to the decree of the chancery court in these words:

"The complainants except to the foregoing decree of the Court and memorandum opinion and finding of facts in so far as they were denied the right to the free use of said road or right-of-way from the forks of the Collins Hollow up the Gann Hollow to complainants' land, a distance of 852 feet in taxing them with one-half of the cost of the cause, and to all adverse actions and rulings of the Court.

"The defendant duly excepted to the action and decree of the Court overruling his demurrers and the several grounds thereof; in finding and decreeing that complainants has an easement in and over, or a right to the use of any part of the lands of defendant as a road, passway or way of travel; in finding and decreeing that complainants are entitled to the rights and benefits of condemnation of any part of the lands of defendant under Chapter 75, Public Acts of Tennessee of 1921, and thereupon prayed an appeal to the Court of Appeals at Nashville, which the Court is pleased to grant."

Defendant perfected his appeal. Complainants did not.

Conceiving the appeal of the defendant to be a broad appeal, complainants, who are appellees here, assign one error in which they questioned that portion of the decree of the chancery court which denied them the right to an easement over a portion of the land of defendant upon the ground of implied reservation or adverse user. Taylor v. Elgin, 140 Tenn. 602, 205 S. W. 428; Pigg v. Houston & Liggett, 8 Tenn. App. 613.

Defendant filed a motion to strike this assignment of error on the ground that the appeal was limited or special. We think the portion of the decree set out herein shows that the appeal was limited or special, and not a broad appeal, so the motion to strike is sustained. County Board of Highway Commissioners v. Wilde, 179 Tenn. 141, 163 S. W. (2d) 329.

Defendant, appellant here, complains that the Chancellor committed error when he held that: (1) The demurrer to the original bill should be overruled; (2) the demurrer to the amended bill should be overruled; (3) complainants had acquired an easement for a road over a portion of defendant's land by prescription through adverse user of more than twenty years; and (4) complainants had a right to condemn that part of the easement sought which had not been acquired by prescription.

■ Courts make every reasonable presumption in favor of a bill when it is assailed by demurrer. Gibson's Suits in Chancery (4 Ed.), 277, sec. 317.

The demurrer to the original bill goes to the condemnation phase of the case. Defendant takes the position by his demurrer that the bill is insufficient to support a condemnation proceeding under the statute, because: (1) It shows that the tract of land sought to be served by the easement is a 50 acre tract which is a part of a larger tract of 275 acres; and that the entire tract, including the 50 acre tract, is adequately served by other public roads; (2) the 50 acre tract has a public road on one side of it; (3) the 50 acre tract is not sufficiently described in the bill; (4) the easement sought is not sufficiently described; and (5) the facts alleged fail to show that there is no adequate and convenient outlet from this 50 acre tract to a public road by reason of intervening lands of defendant.

The statute states that: "Any person owning any lands, . . . who has no adequate and convenient outlet from said lands to a public road in the state, by reason of the intervening lands of another, are (is) given the right to have an easement or right of way condemned and set aside for the benefit of such lands over and across such intervening lands or property." Code, sec. 2746.

This statute was construed in Debusk v. Riley, 154 Tenn. 381, 289 S. W. 493, 495, to cover "every situation where a party is without an adequate and convenient outlet to a public road."

It is alleged in the bill that this 50 acre tract is surrounded on all sides, except that side which leads across defendant's land, by steep, high, rough hills over which it is almost impossible to build a road, and if a road were built over these hills to a public road, complainants would still be greatly inconvenienced because of the distance which they would have to travel in order to get to the centers of population where they would want to go.

The Act provides that it is the duty of the jury of view, which is summoned to locate the easement or right-of-way sought to be condemned under orders of the court, to "set apart by metes and bounds *a sufficient quantity of land* or property for the purposes intended, and assess the damages occasioned to the parties interested or affected thereby," Code, sec. 2752; to make a report in writing "setting out the amount of damages to each defendant *and the locality and extent of the easement granted* . . .," Code, sec. 2754; and further provides that "said jury shall be authorized to locate said easement or right of way at the place set out in the petition *or at any other place,* care being taken to locate same where it will be of service to the petitioners and occasion as little damage

as practicable to the defendants," Code, sec. 2755. (Italics added.)

We are of the opinion that facts are alleged which required an answer taking into consideration the map filed as an exhibit to the bill and the provisions of the Act under which the suit| to condemn the easement was brought. The Chancellor properly overruled the demurrer to the original bill. The first assignment of error is overruled.

By the second assignment of error defendant complains that the trial court erred in overruling his demurrer to the amended bill. This demurrer is divided into two parts: First, that the relief sought by the amended bill is repugnant, inconsistent, contradictory and antagonistic to the relief sought in the original bill; and, second, the facts alleged are insufficient upon which to base a decree in complainants' favor upon the theory of implied reservation of the easement or right-of-way when the lands of defendant were conveyed by the owner of all the lands. This latter question is not before this court because it was decided favorably to defendant upon the merits. Wherefore, the sole question presented by the second assignment of error is whether the relief sought by the amended bill is repugnant, inconsistent, contradictory and antagonistic to the relief sought in the original bill.

The same relief is sought by the original bill and the amended bill: an easement or right-of-way for a road across defendant's land to the public road. It is true that in one aspect of the case complainants allege that they are entitled to an absolute right to this easement by prescription through adverse user of more than twenty years without paying therefor; and in the alternative if the court should not sustain that contention that

they are entitled to acquire the right-of-way by condemnation. Complainants had the right to bring their suit in this manner. McConnell v. Sprouse, 13 Tenn. App. 291; Gibson's Suits in Chancery (4 Ed.), 255, sec. 285; 21 C. J., 406, Equity, sec. 426; 30 C. J. S., Equity, sec. 204.

The rule which permits complainants to allege different grounds for the same relief is frequently applied in ejectment suits where a complainant may prove his claim by proof of legal title, adverse possession under color of title, or prescription. In ejectment, regardless of the method of proof, complainant is seeking to establish the same right, that he is the owner of the land; here complainants are seeking the right to use a passageway over defendant's land to a public road. It is permissible to establish that right in one suit by showing that the right exists by prescription or adverse user.; or, failing in that theory, by condemning the right-of-way.

The second assignment of error is overruled.

The third and fourth assignments will be considered in reverse order. The fourth assignment is: "That the learned Chancellor erred in finding and decreeing complainants to have a prescriptive right to use or easement over any part of the lands of defendant."

In this jurisdiction twenty years is the period of time within which an easement may be acquired or servitude imposed upon land by prescription. Morgan County v. Goans, 138 Tenn. 381, 198 S. W. 69, 5 A. L. R. 198; Long v. Mayberry, 96 Tenn. 378, 36 S. W. 1040; Railway Company v. Mossman, 90 Tenn. 157, 16 S. W. 64, 25 Am. St. Rep. 670; Ferrell v. Ferrell, 60 Tenn. 329.

The use of the land must be based upon a claim of right, and the burden is upon the party who claims an easement by adverse possession to prove the facts

necessary to establish such possession. Blakemore v. Matthews, 154 Tenn. 334, 285 S. W. 567.

Permissive use is not sufficient to establish an ease-ment by prescription. Bowles v. Chapman, 180 Tenn. 321, 175 S. W. (2d) 313.

Bearing in mind these principles, we now examine the facts. A short distance west of Highway No. 53 in the Tenth Civil District of Cannon County, Tennessee, two hollows come together. Facing west the left hollow is known as Possum Hollow and a public road runs from Highway No. 53 up this hollow. The right hollow, which lies north of Possom Hollow, is known as the Collins Hollow. Defendant J. H. Gassaway owns the land which lies between these two hollows and his residence is situated near the fork of the hollows. Several hundred feet from the intersection of Possum Hollow and Collins Hollow, the Collins Hollow divides into two separate hollows, the southern hollow being known as the Gann Hollow and the northern hollow being known as the Gassaway Hollow. The Gann Hollow and the Gassaway Hollow come together at the old Collins home. Complainants own 50 acres of land which lies in Gann Hollow, and it is this 50 acres of land which will be served by the proposed easement over the land of defendant. A road runs up the Collins Hollow from a point southwest of the home where defendant now lives to the Collins old home place located at the fork of Gann Hollow and Gassaway Hollow. It is this section of the road which is involved in this assignment of error. The Chancellor held that complainants had acquired a right by prescription through adverse user of more than twenty years to an easement to be used as a roadway along the site of this old road from the Collins home place to the point where this road intersects the Possum Hollow

public road. Different families have lived in Collins Hollow, and for forty or fifty year these families and their friends and visitors have used this road up Collins Hollow to the old Collins home place. We have read and reread the testimony and carefully considered it and concur in the holding of the Chancellor that complainants and others have used this road, or right-of-way, from the old Collins home place down Collins Hollow to the Possum Hollow public road for more than twenty years as a matter of right and adversely to the defendant. Wherefore, we agree with the conclusion which the Chancellor reached that complainants had acquired a right to use this roadway by prescription. The fourth assignment of error is overruled.

By his third assignment of error defendant complains that the Chancellor erred in holding that complainants were entitled to condemn any part of defendant's land as an easement for a road. The questions of law relating to the right of complainants to condemn this easement for a road were considered and determined under the first assignment of error. Questions of fact are involved under this assignment. The evidence is quite conflicting. It is shown that a road could be constructed from Gann Hollow over a high, steep, rough hill to the north, west and south where such road could be connected with another road. We think, however, that it is shown by a preponderance of the proof that such roads would not provide complainants with an adequate and convenient outlet from their lands to a public road. Various estimates in regard to the cost of building such roads were made by the different witnesses, ranging from a comparatively small expense to the value of the land. For some forty or fifty years, it is shown that the parties, who owned Gann Hollow and who lived in it,

used the Collins Hollow road to go to and from their land. The convenient and adequate way to Gann Hollow is down the Collins Hollow. The Chancellor reached the correct conclusion when he held that complainants had a right to condemn the easement from the eastern boundary line of the Gann Hollow tract of land to a point near the old Collins home which is located on the Collins Hollow road. The third assignment is overruled.

The decree of the chancery court is affirmed with costs. Remand the cause to the chancery court for further proceedings.

Felts and Howell, JJ., concur.