# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## RUDY PAGE, ROGER PAGE & DONALD HANAFEE v. ROBERT LYNN FUCHS AND WIFE, BRENDA ANN FUCHS

**An Appeal from the Chancery Court for Gibson County
No. 13551;  The Honorable George R. Ellis, Chancellor**

---

**No. W1999-00702-COA-R3-CV - Decided June 6, 2000**

---

This appeal involves a dispute over the existence of an easement over Defendants Fuchs' land. Plaintiffs Page and Hanafee brought suit seeking an easement by necessity or a prescriptive easement, as well as damages for Defendants' alleged inducement of breach of contract.  The court below found that Plaintiffs had a prescriptive easement across Defendants' property, but did not find Defendants liable for damages.  Defendants appeal.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

HIGHERS, J., delivered the opinion of the court, in which FARMER, J., and LILLARD, J., joined.

W. Collins Bonds, KIZER, BONDS & HUGHES, Milan, Tennessee, for Appellants, Fuchs

Sam J. Watridge, Humboldt, for Appellees, Page, Page & Hanafee

### OPINION

In January 1998, Plaintiffs[1] filed suit against Defendants in the Gibson County Chancery Court, seeking a prescriptive easement, or in the alternative, an easement by necessity[2], over Defendants' land.  In addition, Plaintiffs sought damages for Defendants' alleged inducement of breach of contract based on Defendants' actions at Plaintiffs' land auction. Defendants answered, disputing the existence of any type of easement on their property and denying any intentional disruption or interference with the auction. Following a bench trial, the court below found that Plaintiffs had a prescriptive easement.  However, the court held that Plaintiffs were not entitled to damages. Defendants appeal based on the following facts.

---

[1] Only one of owners of the fifty-acre tract initiated this suit in the court below.  The remaining owners were added as Plaintiffs by an amended complaint filed in April 1999.

[2] Plaintiffs sought a statutory easement by necessity pursuant to §54-14-102 of the Tennessee Code.

Plaintiffs are owners of a fifty acre parcel of land in Gibson County, Tennessee. Plaintiffs purchased this tract from its previous owners by warranty deed in May of 1992. According to Plaintiffs, the previous owners mentioned that an old driveway located in the southwest corner of Defendants' land provided access from Mount Pisgah Road ("Road") to the Plaintiffs' property and to a house at one time located on Plaintiffs' property.[3] The warranty deed from the previous owners to Plaintiffs does not mention the driveway. Plaintiffs' land has no other access to any public road. After purchasing the land, Plaintiffs only used the driveway located on Defendants' property to gain access to their land for recreational purposes or when cutting timber.

Defendants' property adjoins the northern boundary of Plaintiffs' land and separates Plaintiffs' property from Road. Defendants purchased this property by warranty deed in June 1994. An abandoned house is located in the southwest corner of Defendants' property. An old driveway runs from Road to the front of the abandoned house. According to Defendants, the driveway was sometimes used by hunters. Defendants also believed that some of the Plaintiffs had been given permission to use the driveway by the previous owner of Defendants' land.

On September 2, 1995, Plaintiffs held a public auction to sell the fifty-acre land parcel. According to Plaintiffs, they had discussed access to the property with Defendants prior to the auction and the parties had agreed that access was not a problem. Defendants were present at the auction and bid unsuccessfully on Plaintiffs' property. At some point during the bidding, Defendants raised a question about access to Plaintiffs' property from Road. After one of the auction attendees indicated that there was an easement across Defendants' property, Defendants denied that such an easement existed. Shortly thereafter, the highest bidder withdrew his bid of twenty-nine thousand dollars for the property.

Sometime after the auction, Defendants rerouted the driveway and put a fence in front of the driveway's entrance to the Road. Plaintiffs discovered the fence when they tried to cross the driveway to enter the fifty acre tract. Defendants then offered to buy Plaintiffs' property for twenty thousand dollars. Plaintiffs rejected Defendants' offer and stated that the selling price was fifty thousand dollars. Thereafter, Plaintiffs filed suit.

A bench trial on the matter was held on April 27, 1999.[4] By judgment entered on July 12, 1999, the court below made the following specific findings: Plaintiffs' fifty acre tract was landlocked; the driveway located on Defendants' property had been the only access to Plaintiffs' land for more than seventy years; Defendants only disputed Plaintiffs' right to use the driveway when Plaintiffs attempted to auction the land. Based on the above, the trial court found that Plaintiffs had acquired a prescriptive easement over Defendants' land. Defendants were ordered to remove the fence across the driveway, and to allow Plaintiffs to resume use of the driveway to access their land.

---

[3] The tract owned by Plaintiffs was connected to Road until Road was rerouted at some point prior to 1942. Following the rerouting, the land lost all direct access to Road.

[4] Both parties presented witness testimony regarding the existence and use of the driveway to access Defendants' property.

The court denied Plaintiffs' request for damages.

On appeal, Defendants assert that the trial court erred in holding that Plaintiffs had an easement by prescription over Defendants' property. Plaintiffs raise an additional issue on appeal. Plaintiffs assert that the trial court erred in failing to award damages.

## Analysis

The standard of review for a non-jury case is de novo upon the record. Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the "preponderance of the evidence is otherwise." TENN. R. APP. P. Rule 13(d). For issues of law, the standard of review is de novo, with no presumption of correctness. Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## Easement by Prescription

We first address the issue of whether or not Plaintiffs are entitled to a prescriptive easement over Defendants' land. On appeal, Defendants assert that the trial court erred in finding that Plaintiffs, or Plaintiffs' predecessors in interest, had met the requirement to establish an easement by prescription. Based upon the following, we agree with Defendants and find that the trial court erred in granting Plaintiffs a prescriptive easement.

An easement by prescription is an implied easement that is based on the use of the property rather than language in a deed. A prescriptive easement arises when a person, acting under an adverse claim of right, makes uninterrupted, open and visible and exclusive use of another's property for at least twenty years with the owner's knowledge and acquiescence. Bradley v. McLeod, 984 S.W.2d 929, at 935 (Tenn. Ct. App. 1998) citing Long v. Mayberry, 96 Tenn. at 382, 36 S.W. 1040, at 1041; Pevear v. Hunt, 924 S.W.2d 114, at 115-116 (Tenn. Ct. App. 1996); House v. Close, 346 S.W.2d 445, at 447 (Tenn. Ct. App. 1961). The party claiming a prescriptive easement exists bears the burden of proving these factors by clear and convincing evidence. Blakemore v. Matthews, 154 Tenn. 334, 285 S.W. 567; Bingham v. Knipp, 1999 WL 86985, at*3-4 (Tenn. Ct. App. 1999) citing McCammon v. Meredith, 830 S.W.2d 577, 580 (Tenn. Ct. App. 1991) and Fite v. Gassaway, 184 S.W.2d 564, at 567 (Tenn. 1944).

As indicated above, the doctrine of prescriptive easement cannot apply when there is no evidence that anyone has possessed or used the property for the required period of time. Bradley at 935, citing Town of Benton v. Peoples Bank, 904 S.W.2d 598, 602 (Tenn. Ct. App. 1995). In addition, it is well settled that regardless of the length of time one party uses the land of another party, a prescriptive easement will not be created unless such use was adverse, under a claim of right, and not merely permissive. See Bingham at *3-4; City of Whitwell v. White, 529 S.W.2d 228, at 230 (Tenn. Ct. App. 1974); Bowles v. Chapman, 180 Tenn. 321, 175 S.W.2d 313. (Tenn. Ct. App. ) Use alone, without the presence of the other factors, will not create a prescriptive easement. Blakemore at 567 (mere use of neighbor's private road for the prescriptive period, without neighbor's objection, was not sufficient to establish prescriptive easement because party failed to show use was adverse, exclusive or under a claim of right). Accordingly, the intermittent or occasional use of the property for a temporary purpose such as hunting, fishing, or moving

equipment usually will not qualify as a sufficiently continuous or adverse use. See <u>Round Mountain Lumber and Coal Co. v. Bass</u>, 136 Tenn. 687, 191 S.W. 341, at 343-344 (Tenn. 1916); <u>McCammon</u> at 580.

Plaintiffs have failed to meet the burden of proving that their use of the land was adverse and under a claim of right for an uninterrupted period of twenty years. Plaintiffs testified that since purchasing the property in 1992, they used the driveway only intermittently: either to access their land for recreational purposes or for logging. In addition, the Plaintiffs' predecessor in title sought and obtained permission to use the driveway from former owners of Defendants' property. Indeed, one of the Plaintiffs testified at trial that he had previously discussed with Defendants the possibility of using the driveway to access Plaintiffs' land.

We find it appropriate to note that the court below did not apply the correct test to determine whether a prescriptive easement was created. The court stated that the drive was the "only entrance to the Plaintiffs' property and has been the only entrance for a long period of time (over twenty years)." The court went on to say that because the drive is the only entrance to Plaintiffs' land and the land is otherwise landlocked, a prescriptive easement existed over Defendants' driveway. For purposes of establishing the existence of a *prescriptive* easement, the fact that the driveway is the only entrance to Plaintiffs' property and that Plaintiffs' property is otherwise landlocked is not relevant.[5] As explained above, the court should recognize a prescriptive easement only when a person, acting under an adverse claim of right, makes uninterrupted, open and visible and exclusive use of another's property for at least twenty years with the owner's knowledge and acquiescence. Accordingly, the trial court erred in holding that Plaintiffs had acquired a prescriptive easement.

### Breach of Contract

As a secondary issue, Plaintiffs assert that the trial court erred in failing to award damages for Defendants' alleged inducement of breach of contract. Plaintiffs base this claim on Defendants' actions at the September 1995 auction. According to Plaintiffs, Defendants purposefully created a disturbance at the auction by questioning the existence of an easement allowing access to Plaintiffs' property. Based on the following, we find that Plaintiffs are not entitled to damages and the trial court did not err.

In order to prevail on an action for inducement of breach of contract, Plaintiffs must prove the following elements: the existence of a legal contract; Defendants knew of the contract; Defendants intended to induce the breach of the contract; Defendants acted maliciously; the contract was breached; the actions of Defendants proximately caused the breach; and damages resulted from the breach. <u>Emmco Ins. Co. v. Beacon Mutual Indemnity Co.</u>, 322 S.W.2d 226 (1950); Tenn. Code Ann. §47-50-109. From our review of the record, we find no proof that Defendants' acted maliciously or intended to cause a breach of any contract resulting from the auction. As such, we find it unnecessary to further address the remaining factors. Accordingly, the judgment of the trial court on this issue if affirmed.

---

[5]This fact would be relevant for the purpose of establishing a common law or statutory easement by necessity.

4

## Easement by Necessity

Although neither party raised or adequately discussed this issue on appeal, we find it necessary to address the issue of an easement by necessity. As Defendants pointed out, Plaintiffs cannot meet the requirements to establish a common law easement by necessity because there is no unity of title between the Plaintiffs' and Defendants' estates.[6] However, in the original complaint, Plaintiffs sought a statutory easement by necessity pursuant to Tenn. Code Ann. §54-14-102.[7] A statutory easement by necessity does not require unity of title. While Plaintiffs did not pursue this statutory cause of action and the court below apparently did not take it into consideration, we find it necessary to remand this issue for further proceedings.[8]

## Conclusion

For the foregoing reasons, the decision of the trial court is hereby affirmed in part, reversed in part, and remanded. Costs of appeal are taxed one-half to Appellants, Robert Lynn Fuchs and Brenda Ann Fuchs, and one-half to Appellees, Rudy Page, Roger Page, and Donald Hanafee, for for which execution may issue, if necessary.

---

[6] For an easement by necessity, it is essential that the dominant and servient estate were once owned by a common grantor. Bowles at 314; Morris v. Simmons, 909 S.W.2d 441, at 445 (Tenn. Ct. App. 1993).

[7] Tenn. Code Ann. § 54-14-102 (1998) provides:
(a) Any person owning any lands, ingress or egress to and from which is cut off or obstructed entirely from a public road or highway by the intervening lands of another, or who has no adequate and convenient outlet from such lands to a public road in the state, by reason of the intervening lands of another, is given the right to have an easement or right-of-way condemned and set aside for the benefit of such lands over and across such intervening lands or property.
(b) The chancery and circuit courts and county courts, the latter acting by and through the county executive, are given concurrent jurisdiction in such matters.
(c) As many different owners of lands as may be so cut off or obstructed or deprived of adequate and convenient outlets may join together against any number of different owners of intervening lands as may wish to have such easement or right-of-way so condemned and set aside to them over such intervening property, and such joining shall not make such proceedings multifarious.

[8] In addition, the party seeking the statutory easement must follow specific procedures to recover. This includes posting a bond for costs and paying damages to compensate the owner of the property where the easement is located. Bingham at *6; Tenn. Code Ann. §54-14-101, 103, -104, 108, 109 (1998).

5