CORA A. JONES v. MRS. L. D. WHITAKER et al.

Western Section. July 24, 1930.

Harsh, Harsh & Harsh, of Memphis, for appellant.

Knipmeyer & Dixon, Lois D. Bejach and J. Friel Hastings, all of Memphis, for appellee.

HEISKELL, J. The finding of facts and opinion of the Chancellor is as follows:

(1) Complainant filed her original bill in this cause seeking a mandatory injunction requiring defendant, Mrs. L. D. Whitaker, to remove iron stake and other obstructions placed by her in a joint driveway between her residence and that of complainant. The bill alleges and the proof shows that complainant is the owner of Lot 8, Block 1 of Mary C. Wellford's Subdivision, fronting 50 feet on the east side of McLean Boulevard in the City of Memphis, and that defendant, Mrs. Whitaker, is the owner of Lot 9 of said Wellford Subdivision, likewise a 50 foot lot; that complainant obtained title to her parcel of land by warranty deed from Samuel R. Waters and wife on September 16, 1911, recorded in the office of the Register of Shelby County, Tennessee, on October 31, 1911; that defendant, Mrs. Whitaker, obtained title to her property by virtue of a warranty deed on August 25, 1926, from J. D. H. Meyer and wife.

It is averred and shown in the proof that Samuel R. Waters and wife first conveyed lot 9, the lot now owned by Mrs. Whitaker, on November 24, 1911, which date was approximately three months after said Waters and wife conveyed the adjoining lot 8 to the complainant, Cora A. Jones; that while said Samuel R. Waters, owned both of said lots, and before he conveyed lot 8 to complainant, he built a dwelling house and improvements on each of said adjoining lots and constructed a joint concrete driveway between said houses, which permanent driveway, approximately 7 feet wide was located partly on lot 8 and partly on lot 9, about 4 feet thereof being on lot 8 and about 3 feet on lot 9.

This driveway was substantially completed when complainant purchased lot 8 and has been continually used by the owners and occupants of both of said lots since its construction in

1911, down to the time of its obstruction by Mrs. Whitaker immediately preceding the institution of this suit, a period of seventeen years.

(2) It is perfectly apparent, from inspection that said driveway is located, in part, on each of said lots; from a point approximately at the rear end of the two dwelling houses the driveway divides into two driveways, each of these forks extending on the respective lots. There is a division fence between the lots beginning at the point of the fork and one looking down the main driveway from the front, sees this fence. This distance between the two houses is about 15.4 feet, 7.3 feet of which is on complainant's side and 8.1 feet on defendant's side. Mrs. Whitaker inspected the property, lot 9, before she purchased it and saw the driveway and knew that the driveway was partly on that lot. She was shown the northwest monument of said lot,—this being within the driveway.

(3) Both of said lots are without an alley in the rear, ingress and egress to and from the rear of said lots must be had from the front—from McLean Avenue. The space between complainant's house and the north boundary of his lot is only 8.7 feet. The original owner of both lots, Samuel R. Waters, laid out the plans for the improvement, and for the greater convenience and attractiveness of the two properties laid but one driveway, running down between the two houses and located on part of each lot. After the substantial completion of said improvements, on lot 8 and of the driveway, he sold said lot 8 to complainant. Undoubtedly, there was an implied grant by Samuel R. Waters to complainant to the use of said driveway located in part on lot 9, with a reciprocal right on the part of the purchaser of lot 9.

The easement created is apparent and has been continuous and is necessary to the reasonable use and enjoyment of the premises granted. One driveway for both houses enhances the value, attractiveness and desirability of each. To erect a driveway along the north side of complainant's house, squeeze it in there, or to place a driveway on the south side wholly on complainant's lot, would not only be an expense, but which is by far the greater consideration would detract from the appearance and convenience of his home, and thus, inevitably, reduce the value of the property. Complainant purchased and paid the price for the property as it was and as she had a right to believe it would remain. Had Waters told her that the driveway could not remain in part on lot 9 and that she would have to build a new driveway and take up additional space out

of the small front lawn and little side space, she might have elected not to make the purchase, or else, demanded a reduction in price. Complainant testifies that she would not have bought without the joint driveway. There is a 20 inch maple tree in the southwest portion of complainant's front yard, and to place a driveway entirely on her property on the south side, would necessitate the removal of that tree, or else, by circling it, take up a large space in her front yard. In my judgment, where the owner of city property builds houses thereon and provides a joint driveway and sells the properties he and his vendees are without legal right to turn on the purchaser of one of the houses and say to him in effect,—"You shall not use this driveway,—Build your own. The joint driveway was only a trap to inveigle you into buying." I am unable to see the fairness, justness or equity of such a position.

In our opinion, complainant's right to use the driveway passed by the conveyance by implication, it being reasonably necessary for the use and enjoyment of the property granted. Rightsell v. Hale, 90 Tenn., 556.

In Powers v. Ward, 200 Ky., 478, 34 A. L. R., 230, the Court said:

"The authorities are agreed and such is the rule in this state, that when the owner of an entire tract of land of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement being necessary to the reasonable enjoyment of the property granted will pass to the grantee by implication. 19 C. J., 914, etc."

In Rollo et al. v. Nelson et al., 34 Utah, 116, 26 L. R. A. (N. S.), 315, the court held the easement in a permanent cement walk which had been constructed by a property owner along the edge of property which he had subdivided into building lots, to furnish access from such lots to the street, will upon severance of the property, pass to the grantees of the respective portions thereof. The Court said:

"The most important question, however, in this case is: Did the easement in and to the cement walk pass as an appurtenance to the lots purchased by appellants? This question must be answered in the affirmative, for it is a well recognized rule of law, that on a severance of an estate by a sale of a part thereof, all easements of a permanent character that have been created in favor of the land sold, and which are open and plain to be seen, and are reasonably necessary for its use and convenient

enjoyment unless expressly reserved by the grantor, pass as an appurtenance to the land.

"2 Jones Real Property 1640; 14 Cyc., 1184; Washburn, Easements & Servitudes, 9. This doctrine is tersely, and as we think, correctly stated in the case of Phillips v. Phillips, 48 Pa., 178, 86 A. Dec., 577. In the syllabus of the opinion it is said: "Servitudes, adopted by the owner of the land, which are plainly visible or notorious, and from the character of which it may fairly be presumed that he intended their preservation as necessary to the convenient enjoyment of his property, become, when the lands are divided and pass into other hands, permanent appurtenances thereto, and neither the owner of the dominant or servient portions of the land has power adversely to interfere with their proper use and enjoyment." Also Scott v. Moore, 98 Va., 668, 81 Am. Rep., 749.

"(4) Mrs. Whitaker has filed her cross-bill in this case against Mrs. Jones and, also, has brought in as a party defendant, J. D. H. Meyer who conveyed to her said lot 9. Cross-complainant seeks (1) an injunction against Mrs. Jones and her husband from obstructing or blocking said driveway and (2) damages against Meyer on account of the alleged breach of the covenant contained in the warranty deed to her against encumbrance.

"The basis of complaint against Mrs. Jones appears to be that, on occasions, she or her husband have parked their automobile in said driveway. No injunction in this regard is necessary as the thing complained of has ceased. There is some complaint, also, about some cows running over on cross-complainant's yard. Under the facts as developed in the record, injunction is not proper relief.

"As to cross-defendant, Meyer, and the claim for damages against him for breach of covenant against encumbrances it appears that cross-complainant, Mrs. Whitaker, had actual personal notice of the joint driveway before she purchased. The driveway was open, visible, obvious and notorious in character and the parties contracted with reference to it, so that it cannot be considered an encumbrance.

"Mrs. Whitaker saw the driveway before she purchased and knew it was located in part of Lot 9. The parties must be presumed to have taken it into account in fixing the price of the land, and therefore the covenant must be construed as not intended to embrace the easement. Schwartz v. Black, 131 Tenn., 360 at p. 367.

"(5) The result is that the injunction heretofore granted will be retained and the cross-bill of Mrs. Whitaker will be dismissed and she will pay the costs of the cause."

We find only one slight discrepancy in this statement of facts and that is immaterial. The Chancellor says the driveway is 4 feet on lot 8 and 3 feet on lot 9. It is 3 feet on lot 8 and 4 feet on lot 9. With this exception the facts found cannot be controverted and in our opinion there can be no doubt as to the correctness of the conclusions drawn from the facts. We consider it scarcely necessary to cite any authorities in addition to those cited by the Chancellor to support the holding that this driveway constructed by Waters between two houses he had built, constructed of concrete the most permanent of materials, partly on each lot, constructed nearly twenty years ago and used as a joint driveway ever since, gave notice to the respective purchasers of an easement in and over so much of the adjoining lot as was occupied by said driveway. In view of all the facts, we think it would be a great injustice to require complainant to construct a separate driveway entirely on her own property. Defendant was put upon notice of the easement from the existence of the driveway, and if she did not wish to accept the property so burdened, she was bound when she purchased, to obtain plain assurance not only from her vendor, but from the complainant occupying the adjoining property, that no such easement existed.

We entirely agree with the opinion of the Chancellor and with the decree pronounced in pursuance of the opinion. Therefore, all assignments of error are overruled and the decree is affirmed. Defendant and surety will pay the costs of appeal.

Owen and Senter, JJ., concur.