MRS. MAYE MORRISON HILL, JOHN CHISOLM, MARSHALL HUFFMAN, and W. V. HUFFMAN, Complainants-Appellants, v. MRS. GORDON BEAVER, Defendant-Appellee.—454 S.W.2d 718.

Western Section. May 28, 1969.

Certiorari Denied by Supreme Court October 6, 1969.

William D. Grugett, Covington, for appellants.

John E. Proctor, Covington, for appellee.

CARNEY, P. J. (W.S.). The complainant below, Mrs. Maye Morrison Hill, and her lessees, John Chisolm, Marshall Huffman, and W. V. Huffman, all appeal from a decree of the Chancery Court of Tipton County dismissing their original bill for an injunction against the defendant, Mrs. Gordon Beaver. In July, 1964, after purchasing her 67-acre farm in Tipton County, Tennessee, on February 24, 1964, the defendant, Mrs. Gordon Beaver, erected gates with locks across a field road running 2,500 feet northward from the Holly Grove-Beaver Road across her farm to a 50-acre farm owned by the complainant, Mrs. Maye Morrison Hill. The bill to remove the gates and establish a legal right to use the roadway was filed March 26, 1965, by Mrs. Maye Morrison Hill, her son-in-law, John Chisolm, who rented the farm from her, and by Marshall Huffman and W. V. Huffman, who sub-rented the farm for pasture purposes from Mr. John Chisolm.

The farm of Mrs. Maye Morrison Hill is not located on any public road and there is no record of it ever being on any public road. Mrs. Maye Morrison Hill and her immediate predecessors in title have been using the field road across the 67-acre farm now owned by the defendant, Mrs. Gordon Beaver, as the only means of egress and ingress to the public road for over sixty years at the time of the filing of the original bill.

Complainants averred that the roadway was a way of necessity, that both tracts of land had belonged to a common grantor, namely J. R. Hall, who conveyed the 50-acre dominant tract now owned by Mrs. Maye Morrison Hill to one W. C. Sturgis, the complainant's predecessor in title and later conveyed the servient 67-acre tract to one S. D. Beaver, a predecessor in title to the defendant, Mrs. Gordon Beaver, and averred further that the complainant, Mrs. Maye Morrison Hill, and her predecessors in title had also obtained an easement over the lands of Mrs. Beaver by use of said road by prescription of over twenty years adverse user. There are no houses on either of the two tracts of land though at one time there were two houses on the 50-acre farm owned by Mrs. Maye Morrison Hill and one house on the farm owned by Mrs. Gordon Beaver. Mrs. Hill had the two houses which had been empty a long time, probably because of no TVA electricity, torn down in the early 1950's.

The Holly Grove-Beaver Road was formerly known as the Brighton-Randolph Road and is now a blacktop well-traveled county road. The roadway in question is only a dirt or field road and leads northward across the 67-acre farm owned by Mrs. Gordon Beaver only to the farm of Mrs. Maye Morrison Hill. Both farms are now and have been used mostly for pasture and grassland farming for

several years and therefore the roadway has been traveled seldom by Mrs. Maye Morrison Hill's tenants and lessees.

The complainant, Mrs. Maye Morrison Hill, inherited the 50-acre farm in 1950 from her aunt, Mrs. Jennie L. Morrison. The date her aunt, Mrs. Morrison, obtained title to the 50-acre tract is not shown but Mrs. Maye Morrison Hill, the complainant, testified that she had known the farm since 1902; that she had often traveled the dirt road across the Beaver land to her farm since 1902 and that at all times since 1902 to the present time the road in question was the only means of getting to and from her 50-acre farm and that it was so used by her uncle and aunt and their tenants and later by the complainant and her tenants continuously under claim of right without asking permission of anyone until the gates were erected and locked by the defendant, Mrs. Gordon Beaver, in July, 1964.

Mrs. Bill Thompson and her sister, Mrs. Norma May, of Ripley, Lauderdale County, Tennessee, were the owners of the 67-acre tract of land and sold it to Mrs. Beaver, their aunt, on February 25, 1964. They owned the land from 1959 to 1963 and it was in the Soil Bank and rented to the U. S. Department of Agriculture through the Tipton County ASC office. They lived in Ripley, Tennessee, and did not have any knowledge of other people using the farm road in question. Mr. Thompson testified that he looked after the farm for his wife and sister-in-law and put the farm in the Soil Bank; that he knew the roadway was there but he did not know other people were using it. He seldom went on the farm.

The defendant, Mrs. Gordon Beaver, testified that at the time she purchased the farm on February 25, 1964,

she did not know of any easement in the road on her property and she denied that the complainants had an easement and that her purpose in erecting and locking the gates along the road was to close it and to use another entrance from the public road into her farm. She did not deny the allegations of the original bill that she had lived in the neighborhood where the two tracts of land are located most of her natural life and that she was familiar with the long continued use of the road by the complainant and complainant's tenants at the time the defendant purchased the property. There is testimony in the record to indicate that Mrs. Beaver's husband, Gordon Beaver, operated a store in this community and one of his former employees prior to 1949 delivered groceries and supplies over said road to some farm families living on the 50-acre tract owned by Mrs. Hill.

Mr. James Rose, manager of the Tipton County office of the Agricultural Stabilization Committee, testified that for the years 1959 through 1963 the 50-acre farm of the complainant, Mrs. Hill, was also in the Soil Bank and that he visited the complainant's farm about five times each year during this period as part of the duties of his office. He said that he used the roadway in question each time to get to and from the complainant Mrs. Hill's farm.

The overwhelming proof is that the road through Mrs. Beaver's farm terminated at the south line of the 50-acre farm owned by the complainant, Mrs. Maye Morrison Hill, and that more than twenty years ago there had been gaps at the northern and southern termini of the roadway indicating to anyone who might see them that the gaps were designed to be let down so as to permit traffic from the Maye Morrison Hill property to and from the roadway.

Defendant's remaining testimony was to the effect that the road was rendered practically impassable during the winter months by the winter rains and that it was a seldom traveled road.

The Chancellor held the case of Blakemore v. Matthews, 154 Tenn. 334, 285 S.W. 567, was controlling; that the case of House v. Close, 48 Tenn.App. 341, 346 S.W.2d 445, was distinguishable and not controlling; and that the use of the road by the complainant and her predecessors in title was purely permissive and she and her predecessors had not obtained an easement by prescription and that the complainant and her lessees and tenants could use the right-of-way only by the consent and permission of the defendant, Mrs. Gordon Beaver. Accordingly, he dismissed the original bill.

In our opinion the Chancellor was in error in deciding the case upon the authority of Blakemore v. Matthews, supra. The substance of the opinion in Blakemore is shown in the following quotation:

"The complainant's idea seems to be that, where it appears that one has traveled over the private road of another, without objection, for more than 20 years, an indefeasible easement is thereby acquired in said road. Entertaining this idea, the complainant offered no testimony to show that his use of said road was based upon a claim of right, or that he occupied same adversely to the defendants, or that he was in the exclusive possession of said road, or that he notified the defendants, either expressly or impliedly, of his claim of right to use said road. He limited his testimony to the fact that he had been continuously using said road for more than 20 years.''

The Blakemore case did not define or explain the meaning of the terms adversely, claim of right, or exclusively as they apply to easements and their use.

In the case of House v. Close (1961), 48 Tenn.App. 341, 346 S.W.2d 445, opinion by Judge Humphreys, now a member of the Supreme Court, there is a very fine definition of these terms as well as a thorough discussion of the modern rule pertaining to easements by prescription. Probably the evidence in the instant case is sufficient to establish an easement by prescription in favor of the complainant, Mrs. Hill, over the lands of the defendant under the rules laid down in House v. Close. The evidence is meager. We have only a narrative bill of exceptions.

To paraphrase the language of Judge Humphreys in House v. Close, the use by complainant and her predecessors in title of the roadway was continuous, uninterrupted, open, visible, and exclusively and adversely used in the sense required by the rule with the knowledge and acquiescence of the defendant's predecessors in title for more than the prescriptive period of twenty years under a claim of right known to the owner of the servient tenement inconsistent with or contrary to the interest of the owner and of such a character that it is difficult or impossible to account for it except upon the presumption of a grant and used whenever desired without license or permission asked and without objection made disregarding entirely the claims of the owner of the servient tenement. See also 28 C.J.S. Easements, sec. 14.

However, we prefer to decide the case on the principle of an easement by necessity. We quote the general rule from 28 C.J.S. Easements sec. 37, page 700:

"Sec. 37.—On Sale of Land Surrounded by That of Grantor and Third Persons

On a conveyance which leaves the land conveyed or retained surrounded by the land of the grantor or grantee and third persons, a way of necessity is implied in favor of the landlocked parcel.

If the land granted is partly surrounded by that of the grantor and partly by that of strangers, a right of way over the remaining land of the grantor exists by necessity. If the land retained is surrounded by the land conveyed and the land of strangers, the grantor is entitled to a way of necessity over the land conveyed."

This same rule was applied in Tennessee in the case of Jones v. Whitaker, 12 Tenn. App. 551. See also Bowles v. Chapman (1943), 180 Tenn. 321, 175 S.W.2d 313; Jones v. Ross (1963) 54 Tenn.App. 136, 388 S.W.2d 640. See also McCammon v. Akers, 58 Tenn.App. 703, 436 S.W.2d 457.

■ The 50-acre tract of land owned by the complainant, Mrs. Hill, does not border on any public road and has no access to any public road except over the roadway in question and has never had any other way of ingress or egress to and from a public road. Prior to 1902 the common grantor, J. R. Hall, conveyed the 50-acre dominant tract now owned by the complainant, Mrs. Hill, to one W. G. Sturgis by deed recorded in Book 96, page 549, of the Register's office of Tipton County, Tennessee. Since there was no access for the 50-acre tract to any public road, there immediately and contemporaneously resulted by implication an easement by necessity for a right-of-way to the Brighton-Randolph Road across the

remaining lands of J. R. Hall which included the 67-acre tract now owned by the defendant, Mrs. Gordon Beaver.

Later, J. R. Hall sold what is now the 67-acre tract of land owned by Mrs. Gordon Beaver to S. D. Beaver by deed in Book 102, page 172, of the Register's office of Tipton County, Tennessee, the same was impressed with an easement for right-of-way in favor of the 50-acre tract now owned by Mrs. Hill. We find from a preponderance of the evidence that the roadway has been so used continuously from that time to July, 1964, as the sole means of ingress and egress for the 50-acre tract of land under the claim of right of the several owners of said 50-acre tract of land and that the defendant, Mrs. Beaver, knew of the use of said roadway by complainant and her tenants at the time she bought the 67-acre tract.

As Mrs. Hill indicated in her testimony, her uncle and aunt would never have bought the 50-acre tract of land unless they had a right-of-way to the public road. Absent any testimony to the contrary we hold that complainant's aunt and uncle used said roadway under a claim of right as did their predecessor in title.

As said by Judge Humphreys in House v. Close, it would be inequitable to require Mrs. Hill to buy a right-of-way for her 50-acre tract of land either by condemnation or by private purchase after more than 63 years of uninterrrupted use of the present roadway. We hold, however, that the defendant, Mrs. Gordon Beaver, has the legal right to maintain gates or gaps at each terminus of the roadway and at other points within the roadway if reasonably necessary to the efficient use and operation of her farm; provided, however, that she may place and/or keeps locks on these gates only with the consent of the

complainant, Mrs. Maye Morrison Hill, or by permission of the Chancery Court of Tipton County for good cause shown.

The assignment of error will be sustained, the decree of the lower court will be reversed and a decree in this court entered in conformity with the above opinion. The cause will be remanded to the Chancery Court of Tipton County, Tennessee, for enforcement of the decree. The costs in the court below and in this court will be taxed against the defendant, Mrs. Gordon Beaver.

Matherne and Taylor, JJ., concur.