Timothy O. MORRIS and wife, Deborah L. Morris, Plaintiffs/Appellees,

v.

David A. SIMMONS, Defendant/Appellant.

Court of Appeals of Tennessee, Western Section at Jackson.

Sept. 8, 1993.

Permission to Appeal Denied by Supreme Court Feb. 14, 1994.

Larry S. Banks, Brownsville, for Plaintiffs/Appellees.

James S. Haywood, Brownsville, for Defendant/Appellant.

CRAWFORD, Judge.

This case involves rights in real property. Plaintiffs-appellees, Timothy O. Morris and wife, Deborah L. Morris filed their complaint against defendant-appellant, David A. Simmons, to enjoin Simmons' use of a strip of land on their property to access his property and for damages caused to the strip of land. The complaint alleges that plaintiffs, owners of a 3.7 acre tract of land, contiguous to and north of defendants 70 acre tract of land, had previously given defendant permission to leave the public road, Clinton Drive, where it ended at plaintiffs' northern boundary and to travel across the east part of plaintiffs' property for access to defendants' property to conduct his farming operation. The complaint further avers that without permission defendant put gravel on the plaintiffs' property which upon request he removed, causing damage to the property. Plaintiffs installed a small fence blocking the previously traveled way but defendant knocked down the fence and continued to go across the property causing further damage.

Defendant filed an answer and counterclaim in which he admitted that he had been traveling across the disputed property but denied that there was any permission granted. To the contrary, defendant averred that he and his predecessors in title had used the road for a length of time in excess of 20 years openly, visibly, notoriously and adversely to the plaintiff and his predecessor. He denied that plaintiffs suffered damages

and denied that plaintiffs were entitled to any affirmative relief. The counter-claim alleged that the public road, Clinton Drive, runs south from Highway 54 and lies along an old road bed which Simmons and his predecessors in title had used in excess of 20 years, and that by virtue of this open, notorious and adverse use of the roadway he has acquired a prescriptive easement. Defendant further averred in the counter-claim that he had an easement by necessity by virtue of the landlocked nature of his property.

After a non-jury trial, the trial court filed findings of fact and conclusions of law. The trial court found that the property of both plaintiffs and defendant is part of an original tract of 249 acres owned by Dorsey D. Smith and James A. Trail as equal tenants-in-common. In 1949 the property was divided, Trail taking a 118 acre tract referred to at trial and hereinafter as "northern tract" and Dorsey taking the balance referred to at trial and hereinafter as "southern tract." In October 1950, Trail conveyed the "northern tract" back to Smith, who then conveyed the "northern tract" to Haywood, who later conveyed the tract to Clinton. The original 249 acre tract, and, after division, the "northern tract" was bounded on the north by Tennessee Highway No. 54. Access to the property and after the division access to the "southern tract" thereof was via a dirt field road leading off the public highway in a southerly direction. There was also access to the "southern tract" at its southeast corner by a 35 × 150 foot strip of land connecting a public road with the "southern tract" at this point. The 35 × 150 foot strip of land was not owned by Smith nor was there any written right-of-way or easement for the use thereof even though it had been used for access. (To better understand the position of the tracts of land and the rights-of-way at issue, see the plat affixed to this opinion.)

When Smith conveyed the "northern tract" to Haywood the "southern tract" was left with no legal access to a public road and Smith did not retain in the deed a right-of-way or easement for the purpose of ingress and egress to the "southern tract." The "southern tract" was devised to Smith's wife upon his death and was then acquired by her three children upon her death. After a subsequent partition Simmons acquired two tracts containing approximately 70 acres.

After Clinton obtained the "northern tract," it was divided and he conveyed a 50 foot wide strip of land to Haywood County beginning at the south right-of-way of Highway 54 and proceeding south down through the "northern tract" to the north line of the property now owned by plaintiff Morris, which is a point 270 feet north of the north line of the "southern tract" owned by Simmons. This strip was conveyed to the County for road purposes and designated "Clinton Drive." The tract of land that extends from the present termination point of Clinton drive at the north line of Morris to the north line of Simmons is the property in controversy. Plaintiffs Morris own this property in fee simple, and there is no written easement or right-of-way involving this property.

The Morrises also own in fee simple a 35 × 150 strip of land leading from the southeast corner of the Simmons's land to Dr. King Road, a public road, which they have offered to convey to Simmons to provide access to his property.

The trial court further found:

19. That defendant David A. Simmons had been crossing the 50 by 270 foot lot of Morris that lies between the end of Clinton Drive and the "southern tract" as a means of ingress and egress to his lands. Simmons testified that he had never been told by anyone not to use this route into his lands until a dispute arose between Simmons and Morris when Morris told him to cease using this route across his property and installed a fence along the line which was destroyed by Simmons or his employee. Morris also installed a steel cable across the roadway or route being used by Simmons, which cable was removed or destroyed by Simmons or his employee. Simmons also had a load of gravel dumped on the 50 by 270 foot lot of Morris without permission, which was later removed by Simmons, but the removal thereof caused ruts and damage to the sod. That the cost of replacing the sod and leveling the lot is $1060.00. The cost to replace the posts

and wire for the damaged fence is $84.34, and the cost to replace the steel cable is $200.00, making a total damage of $1344.34.

20. That the use of the Morris lot of land by Simmons, Sills and others was by permission or by acquiescence.

After making its findings, the court set out conclusions of law as follows:

1. That as the use of the Morris lot was by permission or by acquiescence, no easement exists by prescription.

2. That contingent upon Morris' conveying to Simmons and Sills a fee simple title to the 35 by 150 foot lot connecting the "southern tract" to Dr. King Road, also known as Prospect Road, no easement by necessity exists across the lot of Morris.

3. That Morris' complaint be sustained and the injunction heretofore issued be made permanent, contingent upon Morris' complying with Paragraph Number 2 above.

4. That the counter-complaint of Simmons be dismissed at his cost, and that Morris have judgment for damages caused by Simmons in the amount of $1344.34.

Judgment was duly entered in accordance with the trial court's conclusions. Simmons has appealed, presenting two issues for review which, as set out in the Simmons brief are:

I. THE CHANCELLOR WAS IN ERROR IN STATING IN THE DECREE, "THAT CONTINGENT UPON TIMOTHY O. MORRIS AND WIFE, DEBORAH L. MORRIS, CONVEYING TO DAVID A. SIMMONS AND ZORA NELL SILLS A FEE SIMPLE TITLE TO THE 35 × 150 FOOT LOT CONNECTING THE "SOUTHERN TRACT" TO DR. KING ROAD, ALSO KNOWN AS PROSPECT ROAD, NO EASEMENT BY NECESSITY EXISTS ACROSS THE LOT OWNED BY THE SAID TIMOTHY O. MORRIS AND WIFE, DEBORAH L. MORRIS."

II. THE CHANCELLOR WAS IN ERROR IN NOT ALLOWING AND GRANTING DAVID A. SIMMONS AND ZORA NELL SILLS A RIGHT–OF–WAY ACROSS THE 50 × 270 FOOT STRIP OF PROPERTY EXTENDING FROM THE END OF CLINTON DRIVE TO THE NORTH BOUNDARY LINE OF SIMMONS.

We perceive the real issue to be whether the trial court erred in enjoining Simmons from using the way across plaintiffs' property for access to his farming operation.

■ The trial court's order implicitly finds that Simmons has an easement of necessity. The evidence in the record supports such a finding. In *Hill v. Beaver*, 454 S.W.2d 718 (Tenn.App.1969). This court, considering an easement by necessity, said:

> However, we prefer to decide the case on the principle of an easement by necessity. We quote the general rule from 28 C.J.S. Easements § 37, page 700:
>
> "Sec. 37.—On Sale of Land Surrounded by That of Grantor and Third Persons
>
> On a conveyance which leaves the land conveyed or retained surrounded by the land of the grantor or grantee and third persons, a way of necessity is implied in favor of the landlocked parcel.
>
> If the land granted is partly surrounded by that of the grantor and partly by that of strangers, a right of way over the remaining land of the grantor exists by necessity. If the land retained is surrounded by the land conveyed and the land of strangers, the grantor is entitled to a way of necessity over the land conveyed."
>
> This same rule was applied in Tennessee in the case of *Jones v. Whitaker*, 12 Tenn. App. 551. See also *Bowles v. Chapman* (1943), 180 Tenn. 321, 175 S.W.2d 313; *Jones v. Ross* (1963) 54 Tenn.App. 136, 388 S.W.2d 640. See also *McCammon v. Akers*, Tenn.App., 436 S.W.2d 457.

*Id.* at 721.

25 Am.Jur.2d *Easements and Licenses* § 34 (1966), states:

> [a] way of necessity is an easement founded on an implied grant or implied reservation. It arises where there is a conveyance of a part of a tract of land of such nature and extent that either the part conveyed or the part retained is shut off

from access to a road to the outer world by the land from which it is severed or by this land and the land of strangers. In such a situation there is an implied grant of a way across the grantor's remaining land to the part conveyed, or conversely, an implied reservation of a way to the grantor's remaining land across the portion of the land conveyed. The order in which two parcels of land are conveyed makes no difference in determining whether there is a right of way by necessity appurtenant to either. (footnotes omitted)

In *Harris v. Gray*, 28 Tenn.App. 231, 188 S.W.2d 933 (1945), complainants filed suit to set up an easement of way from their land over the land of Gray to a public road, and to enjoin Gray from interfering with complainant's use of the right-of-way. The trial court found that complainant was entitled to the right-of-way upon the theory of implied reservation based upon necessity. The only issue on appeal was whether the trial court erred in so finding. Complainant's predecessor in title owned the tract of land that included both the complainant's and the defendant's property. Complainant's property was retained and the property owned by defendant was conveyed. Complainant's land was completely surrounded by the land of the defendant and by the curve of the river. The court, in holding that complainant had an easement by necessity over defendant's land, said:

> The most recent case of our courts on the precise question here involved is the case of *La Rue v. Greene County Bank*, supra. After reviewing decisions of this state and of other jurisdictions our Supreme Court stated the rule to be, *La Rue v. Greene County Bank*, 179 Tenn. 394, 409, 410, 166 S.W.2d 1044, 1050: "We think it is not in conflict with our own cases, or the general rule of law applicable to implied easements, to hold that such easement will not arise upon the sale of the servient tenement in favor of the owner of the dominant estate, unless it is of such reasonable necessity to the full enjoyment of the dominant tenement as to create a clear presumption in favor of the grantor. And this may be found in the use made of the premises prior to and at the time of

the severance of the estates, whether one parcel or lot was used for the benefit of another, and, if so, to what extent, as well as the benefits enjoyed by reason of such use. It follows that the necessity must appear at the time of the sale or disposition of the servient estate, and not at some future and indefinite time when the owner of the dominant estate, or those claiming under him, may consider the need or desirability of an easement in the property."

> If, therefore, the facts in the instant case show that the easement sought by complainant is reasonably necessary to the enjoyment of the five-acre tract, a presumption arises that complainant intended to reserve this easement when he, as the owner of the five-acre tract and the Harris land, conveyed the Harris land and kept the five-acre tract. The rule of absolute or strict necessity does not apply in this state.

188 S.W.2d at 934–35.

■ In the case at bar, the proof establishes that upon division of the 249 acres of land, the "southern tract" became land locked property. Simmons and his predecessors continued to use the field road traveling south from Tennessee Highway No. 54 to gain access to his property. Under these circumstances, the record supports the trial court's finding that an easement of necessity exists.

■ The trial court, however, also implicitly found that this easement of necessity would dissipate upon plaintiffs' conveyance to Simmons of property in another parcel of land which would provide access to a public road. We must respectfully disagree with this conclusion by the learned Chancellor.

■ Ordinarily, an easement of necessity continues until acquisition of some other lawful way of access. It cannot be extinguished so long as the necessity exists. *McCammon v. Akers*, 58 Tenn.App. 703, 436 S.W.2d 457 (1968). "[A] right of way of necessity ceases when the owner of the way acquires a new means of access to his estate, as where he acquires other property of his own over which he may pass, or where a public way is laid out which affords access to

his premises;" 28 C.J.S. *Easements* § 54(b) (1941).

■ In the instant case it is clear that Simmons has not acquired property which gives him access to a public road. The trial court's judgment which grants the injunction to the plaintiffs is contingent upon a conveyance of property to Simmons and presupposes that Simmons is required to take the conveyance. We do not believe that he is so required.

■ In 26 C.J.S. *Deeds* § 51(a) (1956) it is stated: "Since the law does not force a man to take title to real property against his will, it is essential to the validity of a deed that there be an acceptance of the instrument by the grantee." *See also Early v. Street*, 192 Tenn. 463, 241 S.W.2d 531, 534 (1951); *Haury & Smith Realty v. Piccadilly Part*, 802 S.W.2d 612 (Tenn.App.1990). Acceptance on the part of a donee is essential to the validity of a gift inter vivos. 38 C.J.S. *Gifts* § 29, (1943).

Since the court tried this case without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm absent error of law. T.R.A.P. 13(d).

■ The evidence does not preponderate against the trial court's finding that there was no adverse use of the way in question. We also concur in the trial court's finding that there was an easement of necessity. We disagree with the trial court's conclusion that this easement may be extinguished by forcing the owner of the dominant estate to accept conveyance of other property that would grant him access to a public way. The easement of necessity was created at the time the property was divided and exists so long as there is a necessity. The proof in this case is that the necessity still exists. Although the willingness of plaintiffs to convey the property at Simmons' southeast corner certainly has merit and the Chancellor's

solution seems practical and probably to everyone's best interest, we cannot disregard established law.

■ We note that Simmons claims a 50 foot wide easement but the record contains no evidence concerning the actual size of the easement of necessity as it was originally created. "The extent of a way of necessity is limited only by the reasonable needs in contemplation of the parties at the time of the deed from which the way resulted." *City of Whitwell v. White*, 529 S.W.2d 228, 234 (Tenn.App.1974). "The right to a way of necessity implies the right to maintain a passable way. It also implies the use of such way in such manner as to avoid unnecessary inconvenience to the owner of the subservient estate." *Id.* at 235.

Accordingly, the judgment of the trial court enjoining defendant Simmons from using the way across plaintiffs' property is vacated. The case is remanded to the trial court for further proceedings to establish the size and other conditions for the use of said way. The judgment of the trial court in all other respects is affirmed. The costs of appeal are assessed against appellees.

HIGHERS and FARMER, JJ., concur.

## ORDER

This cause came on to be regularly considered by the Court on the record and for the reasons stated in the Court's Opinion, of even date, it is Ordered that:

1. The judgment of the trial court enjoining defendant Simmons from using the way across plaintiffs' property is vacated.

2. The case is remanded to the trial court for further proceedings to establish the size and other conditions for use of said way.

3. The judgment of the trial court in all other respects is affirmed. The costs of appeal are assessed against the appellees for which execution may issue if necessary.