IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2005 Session

# GREGORY D. BARGO and ANGELA R. BARGO v. LARRY SCHMITT CONSTRUCTION, INC., LARRY SCHMITT and DONNA SCHMITT

Direct Appeal from the Chancery Court for Hamilton County
No. 03-0403      Hon.  W. Frank Brown, III., Chancellor

No. E2004-02937-COA-R3-CV  - FILED JUNE 8, 2005

Grantors erected a house and driveway over an easement which was then sold to grantees.  Grantees brought an action for damages to encumbered property and the Trial Court awarded grantees damages.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

William H. Horton, Chattanooga, Tennessee, for appellants.

Hallie McFadden, Chattanooga, Tennessee, for appellees.

## OPINION

This action arose out of the purchase of a home by plaintiffs from defendants.  The Chancellor awarded plaintiffs judgment in the amount of $53,080.92, and defendants have appealed and raise these issues:

> Whether the Trial Court erred in finding that the defendants breached the warranty against the encumbrances in the deed to the plaintiffs, when the deed referenced the encumbrances and the plaintiffs were aware of an encroachment prior to closing.

Whether the Trial Court applied an improper measure of damages when it found the defendants liable for all costs assessed by TVA to correct the encroachment.

The Chancellor, after hearing evidence, filed a Memorandum Opinion with findings of fact and conclusions of law. We review the Trial Court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d), but conclusions of law are reviewed *de novo* with no presumption of correctness. *Ganzevoort v. Russell*, 949 S.W.2d 293 (Tenn. 1977).

We quote from the Chancellor's findings of fact:

> On or about July 23, 2001, the parties entered into a Purchase and Sale Agreement for property and a new home built on Lot 15 at 6226 Hamilton Island Road in Hamilton County Tennessee (the "Property"). The Property is a waterfront lot and was transferred subject to a few easements including TVA's 30 foot easement along the waterfront. The Bargos and the Schmitts individually entered into the Purchase and Sales Agreement. . . .

> Before closing on the Property, the Plaintiffs discovered a potential problem with the Defendant's building a driveway across the easement owned by TVA. The Plaintiffs then questioned their realtor and Mr. Schmitt about the situation. Mr. Schmitt assured the Plaintiffs that TVA would do nothing to enforce the easement and that it was not a problem. However, the Plaintiffs insisted that Mr. Schmitt agree to reimburse the Plaintiffs for "any additional cost for adding driveway across 690 line." The agreement to reimburse was included as an addendum to the purchase and sale agreement. . . .

> Despite Mr. Schmitt's response to the Plaintiffs, at that time he was aware of potential problems with a TVA right-of-way and 690 feet elevation contour line. Mr. Schmitt knew of the problems because he had received two letters from TVA regarding the problems with the house he built before the Plaintiffs voiced their concern. The first letter dated May 9, 2000, was written to notify the Defendant that he must cease all fill activities because they were being undertaken below the 690 feet elevation restriction. . . . The second letter, dated November 21, 2000, restated the problem with the Mr. Schmitt's building the home below the 690 feet elevation contour line and added that part of the house blocked the TVA's deeded right of way over the Property. . . .

> After the Plaintiffs closed on the Property, [August 10, 2001], TVA sent a third letter, dated August 17, 2001, to Mr. Schmitt. . . . This letter contained TVA's calculations of the costs for modifying the deed to accommodate the house built on Lot 15. The total cost for the deed modification and compensation for TVA's loss of right-of-way was $58,080.92, $5,000 of which the Defendant had already paid.

The Defendant refused to pay the balance of the fees to TVA and TVA contacted the Plaintiffs by letter dated May 3, 2002, seeking $53,080.92 from the Plaintiffs for the Defendant's building errors. . . .

Only after receiving the May 3, 2002, letter, did the Plaintiffs learn of the extent of the problems with the TVA right-of-way and the 690 feet elevation contour line. . . .

The foregoing findings of fact are fully supported by the evidence, which clearly preponderates in favor of the findings by the Chancellor. Tenn. R. App. P. 13(d).

Defendants argue that constructing their house over TVA's contour line did not constitute an encumbrance on the property sold to the plaintiffs because, as we understand their argument, a physical encroachment is not an encumbrance if the purchaser is aware of the encroachment, citing *Jones v. Whitaker,* 12 Tenn. App. 551 (1931). Essentially, this argument does not dispute that the encroachment exists on this property, but that plaintiffs somehow must have taken the encumbrance into account in fixing the purchase price and therefore the covenants in the deed did not embrace the encroachment. The Chancellor found the sellers were aware of the encroachment at the time of sale, but purchasers were unaware. Defendants seem to argue that plaintiffs had constructive knowledge of this encumbrance, because they had an opportunity to have it surveyed, which they declined. This is not a real issue. The Supreme Court in *Murdock Acc. Corp., v. Aaron*, 190 Tenn. 416 (Tenn. 1950), said at page 426:

The Pattersons and the Land Company acted within the provisions of this contract when the Land Company executed the warranty deed with a covenant against encumbrances. The fact that the Pattersons had notice that encumbrances existed would not preclude their reliance upon a covenant that they did not exist. This was made clear by a case wherein this court chose between conflicting authorities and adopted the rule that "Knowledge on the part of the purchaser of the existence of incumbrances on the land will not prevent him from recovering damages on account of it, where he protects himself by proper covenants in his deed."

There is simply no evidence in the record that plaintiffs intended to take the property subject to this encumbrance. As the Chancellor noted, they were made aware of the problem with the driveway from a third party, and despite the defendants' assurances that TVA would not enforce that encumbrance, plaintiffs insisted that they be reimbursed for "any additional costs for adding driveway across the 690 feet line". Plaintiffs' actions belie any presumption that they took into account any encumbrances when negotiating the purchase price which was the case in *Jones*. We find this issue to be without merit.

Finally, defendants argue the Trial Court applied an improper measure of damages in making its award. Defendants cite the familiar rule that the measure of damages where the warranty against the encumbrance is breached is the diminution in value of the property as the result

of the encumbrance, and specifically rely upon our unreported case of *Carlton v. Williams*, 2004 WL 2636 709 (Tenn. Ct. App.). In this case the Chancellor recognized the general rule, citing *Mills v. Solomon*, 43 S.W.3d 503, and concluded "[t]he plaintiffs have presented no evidence of a diminution in value beyond the $53,080.92 deed modification fee that placed a cloud on the title." The Chancellor's Judgment was based upon the offers made by TVA to Plaintiffs and defendants that TVA would agree to deed modifications for the following considerations:

> On Lot 15, part of the house and fill was constructed below TVA's restrictive contour elevation, which also blocked TVA's deeded right-of-way to Track No. XCR-34PT. Our estimate of the total required payment amount is approximately $58,080.92, which includes the value of the deed modification, ($9,900.00), the value of also the right-of-way ($39,400.00), and certain administrative costs ($8,780.92). The total payment due is $53,080.92 which reflects the amount already paid ($5,000.00 for lot 15.)

The *Carlton* Court supports the Chancellor's decision in this case. In *Carlton* plaintiffs had purchased a house with a swimming pool which encroached on a sewer easement. In awarding judgment for the plaintiff, the Court recognized that the proper measure of damages was diminution in value, but nevertheless ruled:

> We note that plaintiffs put on no specific proof regarding diminution in value. Rather, plaintiffs put on proof of what it cost to remove the pool and what it would cost to build a new pool. . . . The cost of removing the pool may be utilized as an element bearing upon diminution in value. As the cost of removing the pool was the only evidence properly presented to the Trial Court bearing on diminution in value, we hold that plaintiffs are entitled to damages and a judgment of $7,500.00 which represents diminution of value of the property due to encumbrance, as supported by the evidence in the record. . . .

(The undisputed evidence showed that plaintiffs had paid $7,500.00 to have the pool removed prior to trial).

In *Carlton* the encumbrance was cleared by removing the offending pool, and in this case, TVA agreed to remove the encumbrance on plaintiffs' lot by a deed of modification upon payment of the stated consideration. The evidence does not preponderate against the amount of damages awarded by the Trial Court, and we affirm the Trial Court's Judgment.

The cause is remanded with the cost of the appeal assessed to the defendants.

_____
HERSCHEL PICKENS FRANKS, P.J.